IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

DAVID APONTE-VILLALBA,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

CIV. NO. 22-1612 (SCC)
RELATED CASE: CRIM. NO. 14-719

**ORDER**

Petitioner David Aponte-Villalba's ("Petitioner") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 was referred to Magistrate Judge Giselle López-Soler for a Report and Recommendation ("R&R"). *See* Docket Nos. 1, 2. The Magistrate Judge's R&R recommends Petitioner's motion be granted. *See* Docket No. 9. The Government disagrees and has filed objections so stating. *See* Docket No. 14. Therefore, the Court reviewed *de novo* the portions of the R&R to which the Government objects. *See* 28 U.S.C. § 636(b)(1)(C); *United States v. J.C.D.*, 861 F.3d 1, 6 (1st Cir. 2017).

The Government contends the Magistrate Judge got it all wrong. And why is that so? Well, simply put, because the Magistrate Judge rejected its argument that Petitioner's Count 2 (the 924(c) count) conviction could still survive even if Count 1 charged an attempted Hobbs Act robbery, not a

completed Hobbs Act robbery. After all, the Government reasons, the record supports its position that Petitioner "committed and was convicted of a completed Hobbs Act robbery" because he admitted that "he obtained [the firearm] through the use of force" and that action affected interstate commerce since the pharmacy Petitioner and his co-defendants attempted to rob, had to close for the day. *See* Docket No. 14, pgs. 2-3. Not so. Therefore, upon a *de novo* review, the Court adopts the R&R in its entirety and takes the opportunity to address several matters.

First, the Court agrees with the Magistrate Judge's determination that Count 1 charged—and Petitioner was convicted of—an attempted Hobbs Act robbery, not a completed Hobbs Act robbery. An attempted Hobbs Act robbery requires the Government to "prove two things: (1) The defendant intended to take or obtain personal property by means of actual or threatened force, and (2) he completed a substantial step toward that end." *United States v. Taylor*, 596 U.S. 845, 851 (2022) (cleaned up). Meanwhile, a completed Hobbs Act robbery calls for the Government to establish "the defendant engaged in the 'unlawful taking or obtaining of personal property from the person . . . of another, against his

will, by means of actual or threatened force.'" *Id.* at 850 (quoting 18 U.S.C. § 1951(b)).

A review of the totality of the record (including, but not limited to, the Indictment, change of plea hearing transcript, the plea agreement and the sentencing hearing transcript) confirms that only the elements of an attempted Hobbs Act robbery are satisfied in Count 1, not those of a completed Hobbs Act robbery. And while it is true that the term "robbery" is mentioned multiple times throughout the record in connection to Count 1, it is also true that when considering the totality of the record, the factual predicate in support of Count 1 only satisfies the elements of an attempted Hobbs Act robbery.[1]

---

[1] Words matter. However, Petitioner was charged, pled guilty and was sentenced before the Supreme Court held, in *United States v. Taylor*, 596 U.S. 845 (2022), that attempted Hobbs Act robbery is not a crime of violence. Before *Taylor*, all three offenses subsumed within the statute (completed robbery, attempted robbery and conspiracy to rob) were deemed crimes of violence. Therefore, it would not be far-fetched to assume that pre-*Taylor*, judges and prosecutors may have used the word "robbery" loosely, even when referring to an attempted Hobbs Act robbery charge. At the end of the day, regardless of whether a defendant was charged with completed robbery, attempted robbery or conspiracy to rob, pre-*Taylor*, all three were crimes of violence and so if the elements were satisfied, a § 924(c) charge could naturally follow.

Second, the Court also agrees that Count 2 goes hand in hand with Count 1. As the Magistrate Judge pointed out, and the clear text of the Indictment reveals, Count 1 is incorporated by reference into Count 2. So, even when the word "robbery" is included in Count 2, it is included in reference to the charged conduct in Count 1, which as previously discussed, charged an attempted Hobbs Act robbery, not a completed Hobbs Act robbery. By incorporating by reference Count 1 into Count 2, the clear text of the Indictment established that the predicate offense for Count 2 was attempted Hobbs Act robbery, which after the Supreme Court's decision in *Taylor*, is no longer considered a crime of violence and can therefore no longer serve as the predicate offense supporting Count 2.

Third, the Court also agrees that no constructive amendment is at play here. As the Magistrate Judge held "Petitioner was charged, admitted to facts, and was sentenced for conduct that established an attempted robbery of the pharmacy under 18 U.S.C. § 1951(a)." *See* Docket No. 9, pg. 9. To the extent the Government claims that a constructive amendment took place because Petitioner "stipulated he stole the firearm through the use of force and affected commerce,

the necessary elements of a completed Hobbs Act robbery[,]"
*see* Docket No. 14, pg. 4, both the plea agreement and the
Indictment cut against that interpretation. Again, Count 2
incorporates by reference Count 1, and as previously
discussed Count 1 charged an attempted Hobbs Act robbery.
Further, the stipulation of facts in the plea agreement state
that what "affected, delayed, and interrupted" the
pharmacies commercial activities was "the attempted
robbery" of the pharmacy, not, as the Government argues
here, the "robbery" of the firearm. *See* Crim No. 14-719,
Docket No. 467, pg. 11.

In sum, upon a *de novo* review, the Court hereby
**ADOPTS** the Magistrate Judge's comprehensive R&R at
Docket No. 9 in its entirety and **GRANTS** Petitioner's motion
at Docket No. 1. The Federal Public Defender is hereby
appointed as counsel in the criminal case. The Clerk of Court
shall issue a Writ of Habeas Corpus Ad Prosequendum. A re-
sentencing hearing will be set after Petitioner is brought to the
District.

A copy of this Order will be entered in Petitioner's criminal case by the Clerk of Court.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 7th day of February 2025.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE